UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

LORA A. SIMISON,                           )
                                           )
                    Plaintiff,             )
                                           )
          v.                               )     No. 1:23-cv-01384-RLY-MJD
                                           )
P.A.M. TRANSPORT, INC.,                    )
EDUARDO MARTINEZ ESCOBEDO,                 )
                                           )
                    Defendants.            )

**ORDER ON DEFENDANTS' MOTION FOR LEAVE TO FILE
A BELATED *DAUBERT* MOTION**

Defendants P.A.M. Transport, Inc.'s and Eduardo Martinez Escobedo's motion for leave

to file a belated *Daubert* motion is now before the Court.  [Dkt. 126.]  For the reasons explained

below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

**I. BACKGROUND**

Plaintiff claims that Defendant Escobedo was negligent in operating a commercial

vehicle and thereby caused the death of James W. Simison.  [Dkt. 1-1 at ¶¶ 9-10.]

The case management plan set two deadlines for *Daubert* motions challenging the

admissibility of expert testimony.  Motions to exclude expert testimony at trial were due on

February 3, 2025; motions to exclude expert testimony at the summary judgment stage were to

be made within the objecting party's responsive summary judgment brief.  [Dkt. 28 at 3.]

When Defendants moved for summary judgment, Plaintiff relied on human factors expert

Swaroop Dinakar's opinion in support of her argument that recovery in this case is not barred by

Indiana's comparative fault rule.  [Dkt. 78 at 11.]  Defendants' reply brief largely consisted of a

*Daubert* challenge to the admissibility of Dinakar's expert opinion, [Dkt. 86], and Plaintiff filed a sur-reply responding to Defendants' *Daubert* challenge, [Dkt. 100.]

On May 7, 2025, Defendants' summary judgment motion was granted in part and denied in part. [Dkt. 114.] Plaintiff's claims arising from Escobedo's alleged negligence were allowed to proceed. *Id.* at 4-6. The Court did not address the admissibility of Dinakar's expert opinion "[b]ecause the court did not rely on Plaintiff's human factors expert in resolving Defendants' motion for summary judgment[.]" *Id.* at 7.

On June 16, 2026—**more than thirteen months after the Court's summary judgment ruling**—Defendants filed the present motion leave to file a belated *Daubert* motion challenging the admissibility of Dinakar's expert opinion at trial. [Dkt. 126.] In that motion, Defendants argue that they did not know they needed to file a motion to exclude Dinakar's testimony at trial by February 3, 2025, and that they filed the present motion "promptly after learning that the challenge must be re-raised through a separate filing." *Id.* at 6-7. They ask the Court to permit their proposed belated *Daubert* motion, or, alternatively, to consider the arguments set forth in the summary judgment briefing in considering the admissibility of Dinakar's expert testimony. *Id.* at 8-9.

Plaintiff objects to Defendants' motion for leave to file a belated *Daubert* motion. [Dkt. 130.] Her primary arguments arise from Defendants' delay, the prejudice to her in light of the resources and planning expended in building a case around Dinakar's expert testimony, and the upcoming trial scheduled for August 24, 2026. *Id.* Defendants did not file a reply, and their time to do so has passed. *See* [Dkt. 129 (order expediting briefing).]

## II. Legal Standard

Case management deadlines may be extended upon a showing of good cause by the moving party. Fed. R. Civ. P. 16(b)(4). The "good-cause standard focuses on the diligence of

the party seeking amendment, not the prejudice to the nonmoving party." *Peters v. Wal-Mart Stores E., LP,* 512 F. App'x 622, 627-28 (7th Cir. 2013); *see also Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011) ("In making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment.").

A party moving to extend a case management deadline that has already expired must also show excusable neglect for the belated filing. Fed. R. Civ. P. 6(b)(1)(B). "[E]xcusable neglect" under Rule 6(b) is a "somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 392 (1993). "[T]he determination is an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395. The relevant circumstances for an excusable neglect inquiry include (1) danger of prejudice to the non-moving party; (2) length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id.*

### III. Discussion

Defendants have not shown that their failure to move to extend the *Daubert* motions deadline arose from excusable neglect. The case management plan set two separate deadlines for such motions—one for challenges to the admissibility of expert testimony at summary judgment, and another for challenges to the admissibility of expert testimony at trial. [Dkt. 28 at 3.] Defendants made a timely challenge to Dinakar's expert opinion in their reply in support of summary judgment, but those challenges were never ruled upon and were instead denied as moot in the summary judgment order issued in May 2025. Had Defendants moved for leave to exclude Dinakar's expert testimony shortly thereafter, the Court may have been inclined to extend the *Daubert* motions deadline for challenging admissibility of expert testimony at trial.

But instead, they inexplicably waited more than a year before filing the present motion for leave. Trial is now less than two months away, and the final pretrial conference will occur in three weeks. Accordingly, Defendants' motion to file a new motion to exclude the testimony of Plaintiff's expert witness Swaroop Dinakar is **DENIED**.

Nevertheless, despite Defendants' delay, the Court has a gatekeeper role as to expert testimony and must determine whether an expert is qualified, has relied upon a scientifically reliable methodology, and will assist the trier of fact in understanding the evidence or determining an issue of fact before admitting expert testimony. *Gopalratnam v. Hewlett-Packard Company*, 877 F.3d 771, 779 (7th Cir. 2017). Accordingly, Defendants' motion is **GRANTED** to the extent that the parties' arguments on these issues are already in the record through their summary judgment briefing, and the parties may incorporate those arguments by reference in any future pretrial motion or response as to the admissibility of Dinakar's expert testimony. The parties shall seek any necessary clarification on this procedure from the District Judge at the upcoming telephonic conference on **July 7, 2026, at 12:00 p.m. (Eastern)**.

### IV. Conclusion

As explained above, Defendants' motion for leave to file a belated *Daubert* motion [Dkt. 126] is **GRANTED IN PART** and **DENIED IN PART**.

SO ORDERED.

Dated:  6 JUL 2026

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

4